IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION AND MIKE HOWELL,<br><br>    Plaintiffs,<br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No.: 1:22-cv-03102 |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, by and through its undersigned counsel, provide the following Answer to the numbered paragraphs of Plaintiffs' Complaint:

1-3. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

4. This paragraph consists of legal conclusions to which no response is required. The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

5. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

6. The first sentence of paragraph 6 contains Plaintiffs' characterization of their FOIA requests. Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents. Defendant admits that Plaintiffs submitted two FOIA requests to the Department of Justice, one of which was dated June 17, 2022 and the second of which was dated

July 28, 2022. Defendant admits that the FOIA request dated July 28, 2022 included a request for expedited processing. Defendant denies the remaining allegations in paragraph 6.

    7. The allegations in the first sentence of this paragraph purport to characterize the Attorney General's remarks of August 11, 2022. Defendant respectfully refers the Court to the cited transcript of those remarks for a complete and accurate statement of their contents. Defendant admits that FOIA is a statute. The remaining allegations in this paragraph are denied.

    8. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

    9. Denied.

    10-12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 10-12.

    13. Admitted.

    14. This paragraph consists of legal conclusions regarding jurisdiction to which no response is required.

    15. This paragraph consists of legal conclusions regarding venue to which no response is required.

    16-17. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

    18-22. These paragraphs contain legal conclusions to which no answer is required. The allegations in these paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

23. Defendant admits that there have been media reports about protests at Supreme Court Justices' residences. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

24-28. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis deny.

29. Admitted.

30. Defendant admits that, in the first sentence of paragraph 30, Plaintiffs have accurately quoted a portion of the June FOIA request and respectfully refers the Court to the June request for a complete and accurate statement of its contents. Defendant admits the allegations in the second sentence of paragraph 30.

31. Defendant admits that the June FOIA request sought a fee waiver. Defendant respectfully refers the Court to the June request for a complete and accurate statement of its contents and denies any of Plaintiffs' characterizations that are inconsistent with that request.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32. Defendant avers that the Department of Justice has not completed processing of Plaintiffs' June FOIA request.

33. Admitted.

34. With respect to the first sentence, Defendant admits that on July 28, 2022 Plaintiffs transmitted a FOIA request and avers that Plaintiffs transmitted that request only to the Department of Justice's Office of Information Policy, and not to the Criminal Division, Office of the Solicitor General, Office of Legal Counsel, Civil Division, Civil Rights Division, Federal Bureau of Investigation, U.S. Marshals Service, and the Executive Office for United States. Defendant admits that, in the second sentence of paragraph 34, Plaintiffs accurately quoted a

portion of the July FOIA request and respectfully refers the Court to the July FOIA request for a complete and accurate statement of its contents. Defendant admits the allegations in the last sentence in paragraph 34.

35. Defendant admits that the July FOIA request sought expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv) and admits that the request included seven appendices. Defendant respectfully refers the Court to the July request for a complete and accurate statement of its contents and denies any of Plaintiffs' characterizations that are inconsistent with that request.

36. Defendant admits that the July FOIA request sought a fee waiver. Defendant respectfully refers the Court to the July request for a complete and accurate statement of its contents and denies any of Plaintiffs' characterizations that are inconsistent with that request.

37. This paragraph consists of a legal conclusion to which no response is required.

38. Admitted.

39. Defendant admits the allegations in paragraph 39 that Defendant did not respond to Plaintiffs' application for expedited processing of the July Request on August 7, 2022, but avers that Defendant has since responded to Plaintiffs' application for expedited processing.

40. Defendant admits that on or about August 20, 2022 Plaintiffs transmitted the letter at Exhibit 4 via email to DOJ.OIP.FOIA@usdoj.gov. Defendant respectfully refers the Court to the August 2022 letter for a complete and accurate statement of its contents. With respect to footnote three, Defendant admits that the letter was addressed to the Director of Public Affairs. The remainder of footnote 3 consists of legal conclusions to which no response is required.

41. Admitted.

42. Defendant admits that a copy of the cited August 16, 2022 letter is attached to the complaint at exhibit 6, denies any characterizations of that letter that are inconsistent with its

4

contents, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44. Denied.

45. Admitted.

46. Defendant incorporates by reference its responses to paragraphs 1 through 45.

47. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

48. This paragraph consists of legal conclusions to which no response is required.

49. Defendant admits that it is subject to FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

50-56. These paragraphs consist of legal conclusions to which no response is required.

57. Defendant incorporates by reference its responses to paragraphs 1 through 56.

58. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

59. This paragraph consists of legal conclusions to which no response is required.

60. Defendant admits that it is subject to FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

61-68. These paragraphs consist of legal conclusions to which no response is required.

69. Defendant incorporates by reference its responses to paragraphs 1 through 68.

70. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

71. This paragraph consists of legal conclusions to which no response is required.

72. Denied.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Heritage's corporate status. The remainder of this paragraph consists of legal conclusions to which no response is required.

74-81. These paragraphs consist of legal conclusions to which no response is required.

82. Defendant incorporates by reference its responses to paragraphs 1 through 81.

83. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

84. This paragraph consists of legal conclusions to which no response is required.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Heritage's corporate status. The remainder of this paragraph consists of legal conclusions to which no response is required.

86-88. This paragraph consists of a legal conclusion to which no response is required.

89. Defendant admits that it has not yet determined whether more than 5000 pages are necessary to respond to the request, denies the remaining allegations in this paragraph, and avers that Defendant, through counsel, has had some preliminary communications with Plaintiffs, through counsel, about scoping and is preparing to discuss scoping more substantively in the coming weeks.

90-93. These paragraphs consists of a legal conclusions to which no response is required.

94. Defendant incorporates by reference its responses to paragraphs 1 through 93.

95. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

96. This paragraph consists of legal conclusions to which no response is required.

97. Defendant admits that it is subject to FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

98-104. These paragraphs consist of legal conclusions to which no response is required.

105. Defendant incorporates by reference its responses to paragraphs 1 through 104.

106. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

107. This paragraph consists of legal conclusions to which no response is required.

108. Defendant admits that it is subject to FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

109-116. These paragraphs consist of legal conclusions to which no response is required.

117. Defendant incorporates by reference its responses to paragraphs 1 through 116.

118. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

119. This paragraph consists of legal conclusions to which no response is required.

120. Denied.

121. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Heritage's corporate status. The remainder of this paragraph consists of legal conclusions to which no response is required.

122-129. These paragraphs consist of legal conclusions to which no response is required.

130. Defendant incorporates by reference its responses to paragraphs 1 through 129.

131. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

132. This paragraph consists of legal conclusions to which no response is required.

133. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Heritage's corporate status. The remainder of this paragraph consists of legal conclusions to which no response is required.

134-136. These paragraphs consist of legal conclusions to which no response is required.

137. Defendant admits that it has not yet determined whether more than 5000 pages are necessary to respond to the request, denies the remaining allegations in this paragraph, and avers that Defendant, through counsel, has had some preliminary communications with Plaintiffs, through counsel, about scoping and is preparing to discuss scoping more substantively in the coming weeks.

138-141. These paragraphs consist of legal conclusions to which no response is required.

142. Defendant incorporates by reference its responses to paragraphs 1 through 141.

143. The first sentence of this paragraph consists of a legal conclusion to which no response is required. The allegations in the second sentence of this paragraph characterize a May 15, 2022 Memorandum from the Attorney General. Defendant respectfully refers the Court to that Memorandum for a complete and accurate statement of its contents.

144-145. These paragraphs consist of legal conclusions to which no response is required.

146. Denied. Defendant avers that the Department of Justice has granted Plaintiffs' request for expedited processing.

147-150. These paragraphs consist of legal conclusions to which no response is required.

The remainder of the Complaint sets forth Plaintiffs' requested relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief they seek or to any other relief in this action.

Defendant further denies all allegations in Plaintiffs' Complaint not specifically expressly admitted or denied.

## **DEFENSES**

1. Plaintiffs are not entitled to compel production of records or portions thereof protected from disclosure by one or more exemptions to the FOIA. *See* 5 U.S.C. § 552(b).

2. Plaintiffs did not transmit the FOIA requests to all components from whom they sought records. *See* 28 C.F.R. § 16.3. With respect to the July request, this suit is premature regarding any records maintained by the Criminal Division, Office of the Solicitor General, Office of Legal Counsel, Civil Division, Civil Rights Division, Federal Bureau of Investigation, U.S. Marshals Service, and any U.S. Attorney's offices (for which the Executive Office for United States Attorneys processes requests) because those components received the July request only after Plaintiffs filed their complaint in this case.

3. Defendant has exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist necessitating additional time for Defendant to continue its processing of Plaintiffs' requests. *See* 5 U.S.C. § 552(a)(6)(C).

DATED: November 14, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Hilarie E. Snyder*
HILARIE E. SNYDER (D.C. Bar No. 464837)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 Street, N.W., Room 12010
Washington, D.C. 20005
Tel: (202)305-0747;Fax: (202)616-8470
hilarie.e.snyder@usdoj.gov

*Counsel for the Defendant*