**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HERITAGE FOUNDATION AND MIKE
HOWELL,

       Plaintiffs,

v.

DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-cv-03102-RBW

**JOINT STATUS REPORT**

Plaintiffs, Heritage Foundation and Mike Howell, and Defendant, Department of Justice (Department), by and through their undersigned counsel, file this Joint Status Report in accordance with the Court's March 25, 2023 Minute Order. The parties have also separately outlined their respective positions on a disputed issue beginning on page three of this Report.

This is a Freedom of Information Act (FOIA) case. Plaintiffs' Complaint seeks records responsive to two separate FOIA requests from multiple components within the Department. The parties filed their most recent Joint Status Report on March 9, 2023, and in that report noted that both the Civil Rights Division and the Office of the Solicitor General completed their responses.

Since the parties filed that Report, relevant components have continued to search their respective records, the parties have continued to negotiate the scope of searches, and some components have provided full responses to Plaintiffs. The remaining individual components report the following updates:

1

- The U.S. Marshals Service provided its second and final response on March 9, 2023. After that production, Plaintiffs raised some concerns about the adequacy of the search, and the U.S. Marshals Service is currently reviewing those concerns.

- The Office of Information Policy (OIP), which processes FOIA requests on behalf of the Attorney General's Office, the Deputy Attorney General's Office, the Associate Attorney General's Office, and the Office of Legal Policy, issued its second response to Plaintiffs' FOIA requests on March 14, 2023, and a follow-up on March 16, 2023, with the collective release, in full or in part, of over a thousand pages of records. OIP expects to continue to issue monthly rolling responses, until complete, with the next response to be issued on April 17, 2023. The volume of pages that OIP is able to process each month correlates to the complexity of the material involved. OIP anticipates that its April 2023 response will account for about 700 pages.

- The Criminal Division provided Plaintiffs with an estimated processing and production schedule on April 10, 2023. The Criminal Division expects to respond to Plaintiffs' Request by May 30, 2023, and at that time expects to produce the non-exempt portions of any responsive documents that do not require the Criminal Division to consult with other DOJ components and/or Executive Branch agencies. In the event that the Criminal Division needs to consult with other DOJ components and/or Executive Branch agencies about a record, it will make rolling productions of the non-exempt portions of those records when the consultation process is complete.

- The Office of Legal Counsel (OLC), which provided a partial response to a portion of Plaintiffs' FOIA requests in November 2022, has completed reviewing records for responsiveness and plans to issue rolling responses with the first such response expected to be issued on May 1, 2023.

• The Executive Office for U.S. Attorneys (EOUSA), on behalf of the U.S. Attorney's Offices for the Districts of Maryland, District of Columbia, and Eastern District of Virginia, has completed its searches and is reviewing the documents for responsiveness. It still anticipates producing the non-exempt portions of any responsive records from the U.S. Attorney's Office for the District of Columbia by April 28, 2023, and shortly thereafter providing an update to Plaintiffs with an estimated processing and production schedule for the remainder.

• The Federal Bureau of Investigation has completed all but one of its additional searches and is currently reviewing records for responsiveness. It expects to complete its review by April 18, 2023, and, if any documents are responsive, it anticipates making a production to Plaintiff of the nonexempt portions of those records by June 18, 2023. The FBI is working diligently to ensure the remaining search is completed quickly, and will begin reviewing any potentially responsive records immediately upon receipt.

• The Civil Division completed its search and expects to issue its response by April 18, 2023.

## PLAINTIFFS' STATEMENT

Plaintiffs believe that this case has reached a point where judicial intervention is required on a number of issues. The parties have worked in good faith, counsel for the Department in this matter has been exceptionally responsive, but there is a complete impasse.

The core issue in this case is the Department of Justice's failure to enforce 18 U.S.C. § 1507 as concerns protests at Supreme Court Justices' residences attacking the Court's abortion jurisprudence. Why? That issue has always been of exceptional importance, immense public interest, and a matter of major Congressional concern. The Department *itself* conceded that importance when it granted expedited processing for this matter as "[a] matter of widespread and

exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Moreover, based on whistleblower records made public by Sen. Katie Britt on March 28, 2023 during the United States Senate Appropriations Subcommittee on Commerce Justice, Science, and Related Agencies hearing with Attorney General Garland, multiple Members of Congress have stated that General Garland has at best misled Congress and the American public on the subject matter of the underlying FOIA Request and at worst perjured himself. The whistleblower materials themselves are directly relevant to this case as they are unredacted copies of materials produced by the United States Marshall's Service ("USMS") in this case that reveal that the USMS made redactions that are contrary to law.

Because Plaintiffs' FOIA Request, already of great public importance and public and Congressional interest, and already granted expedited processing, now involves concerns from Members of Congress regarding the veracity of the Attorney General's Congressional testimony, further expedition is warranted. Plaintiffs believe therefore that a number of issues require resolution by this Court. Plaintiffs have worked in good faith to attempt to structure the most efficient method to present these issues to the Court, but the Department has taken the position that it will oppose any sort of agreed upon schedule or manner of briefing outside of what it views as the "normal" course of FOIA cases. Plaintiffs believe the Department's position is unfortunate as Plaintiffs wish to work with the Department to narrow the issues in dispute so that only matters over which there is a true "fight" are briefed. Plaintiffs intend to file motions to compel the accelerated production of records, to compel the production of a *Vaughn* index as it relates to the

USMS production drawn into question by Senator Britt's whistleblower disclosures, and to compel the lifting of redactions in the USMS productions that are contrary to law.[1]

Plaintiffs expect that the foregoing motions will present overlapping issues and would be most efficiently resolved via an agreed upon order of filing, Plaintiffs respectfully request the following procedure.

First, Plaintiffs will file a precipe within 48 hours of a Court order approving this procedure containing a brief summary of the legal arguments it intends to raise.

Second, this Court schedule a status conference at which the parties can discuss the most efficient way forward.

Plaintiffs have repeatedly requested that the Department work with Plaintiffs on these scheduling and ordering issues and has proposed the above procedure; the Department has categorically refused to engage.

## DEFENDANT'S STATEMENT

Defendant disputes Plaintiffs' underlying contention that it has acted slowly in producing records, improperly redacted material, or otherwise "categorically refused to engage" with them about this case or their "scheduling and ordering issues." To the contrary, Defendant has expeditiously worked to respond to Plaintiffs' FOIA requests and release responsive, non-exempt material. From the start, all relevant Department components began processing Plaintiffs' July FOIA request even though Plaintiffs themselves failed to properly transmit it to each component before filing suit. Defendant also completed what Plaintiffs then categorized as their most urgent search in November 2022. And for the second month in a row, Defendant has produced over one

---

[1] Plaintiffs also anticipate possible motions to expedite when the Department answers later this month in a related case—23-cv-733—involving a later in time FOIA request seeking the same records as the FOIA Request in this action for an updated time-period.

thousand pages of records and expects to process over 700 additional pages in the next month. Furthermore, despite Plaintiffs' excessively broad FOIA requests, *see* ECF Nos. 1-2 and 1-4, Defendant has worked cooperatively with them to craft searches and narrow requests in order to streamline and prioritize the search for, and processing of, the records Plaintiffs truly seek.

By all accounts, the Department's voluntary production schedule and other actions to move this case toward resolution more than meet the general practice standards for FOIA litigation in this Court. Nonetheless, Plaintiffs profess dissatisfaction with the pace of this case based on their baseless and inaccurate  perception of the Attorney General's comments during an Appropriations Committee hearing. As a consequence, Plaintiffs ask for a briefing schedule to file several mid-litigation motions, including one to compel the accelerated production of unidentified records, another for the production of a *Vaughn* index relating only to certain of the documents produced by the U.S. Marshals Service, and a third to lift redactions relating again to only certain of the records produced by the U.S. Marshals Service. As noted in the joint section above, the Department as a whole is still processing records in this case. Indeed, even the U.S. Marshals Service is not completely finished its work on Plaintiffs' Request, as it is reconsidering the adequacy of its original search in light of Plaintiffs' expressed concerns.

Given the stage of this proceeding, Defendant opposes the approach proposed by Plaintiffs, which essentially asks this Court to adjudicate, and asks Defendant to litigate, this FOIA case piecemeal. This case should proceed in the ordinary course for FOIA litigation in this District: After production is complete, the parties will meet and confer about what—if anything—Plaintiffs challenge about the Department's response. Following that meet-and-confer, Defendant would move for summary judgment on any disputed issues, submitting a *Vaughn* index or a supporting declaration to justify any challenged withholdings and the adequacy of any searches. It would be

both premature and inefficient (not to mention highly irregular) for the Court to address legal and factual questions in piecemeal. Simply put, that is not the way that withholdings and searches are litigated in a FOIA case.

Accordingly, the parties will require additional time to propose schedules for any dispositive motions, and schedules for the completion of Defendant's responses to the FOIA requests. Defendant respectfully requests that the parties be permitted to provide a further joint status report on June 14, 2023.

DATED: April 12, 2023                                   Respectfully submitted,

| | |
|---|---|
| */s/ Samuel Everett Dewey*<br>SAMUEL EVERETT DEWEY<br>(No. 99979)<br>Chambers of Samuel Everett Dewey, LLC<br>Telephone: (703) 261-4194<br>Email: samueledewey@sedchambers.com<br><br>ROMAN JANKOWSKI<br>(No. 975348)<br>The Heritage Foundation<br>Telephone: (202) 489-2969<br>Email: Roman.Jankowski@heritage.org<br><br>*Counsel for Plaintiffs* | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Hilarie E. Snyder*<br>HILARIE E. SNYDER (D.C. Bar No. 464837)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 Street, N.W., Room 12010<br>Washington, D.C. 20005<br>Tel: (202)305-0747;Fax: (202)616-8470<br>hilarie.e.snyder@usdoj.gov<br><br>*Counsel for the Defendant* |